# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, § § § | |
| *Plaintiff*, § § | |
| v. § | Case No. 4:24-cv-00994-P |
| § | |
| OUR WORLD ENERGY, LLC, and EDJ ENTERPRISES, INC., § § § § | |
| *Defendants* § | |

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Respectfully submitted,

*/s/Caleb B. Bulls*_____
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Caleb B. Bulls
State Bar No. 24082749
caleb.bulls@kellyhart.com
**KELLY HART & HALLMAN, LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for Defendant Our World Energy*

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Our World Energy, LLC ("OWE") hereby submits this *Motion to Dismiss Plaintiff's First Amended Complaint* (the "Motion").[1] In support, OWE respectfully shows the Court as follows:

**I.**

1. It has long been the law that courts cannot exercise specific personal jurisdiction over a non-resident defendant unless the non-resident defendant has "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In this lawsuit, Plaintiff Kelly Bland ("Plaintiff") has asserted claims against OWE for purportedly violating the Telephone Consumer Protection Act (the "TCPA"). Courts assessing personal jurisdiction under the TCPA have identified two circumstances where it is appropriate to exercise jurisdiction over a non-resident defendant. *See, e.g., Callier v. Wide Merchant Investment, Inc.*, No. EP-22-CV-00123-FM, 671 F.Supp.3d 736, 742-43 (W.D. Tex. 2023). First, jurisdiction can be exercised when the non-resident defendant initiated the phone calls that violated the TCPA. *See id.* Second, a third-party's contacts can be imputed to the non-resident defendant if the third-party was acting as the defendant's agent when it placed the violative calls. *See id.* Neither situation is present in this case.

2. OWE is a limited liability company formed and headquartered in the State of Arizona. [App., p. 1, ¶ 2]. Importantly, it did not initiate any of the phone calls that Plaintiff has complained about in this lawsuit. [*Id.*, p. 4, ¶ 19]. Moreover, there is no vicarious liability theory that could result in Defendant EDJ Enterprises, Inc.'s ("EDJ") contacts being imputed to OWE. The agreement between OWE and EDJ clearly stated that EDJ was an independent contractor.

---

[1] Plaintiff filed her First Amended Complaint on January 28, 2025. [Doc. 16]. This Motion is timely under Federal Rule of Civil Procedure 15(a)(3) because it is filed within fourteen (14) days from the date the amended complaint was filed.

[*Id.*, p. 6], and OWE never knowingly permitted EDJ to exercise authority on OWE's behalf (as would be required to establish an apparent authority theory of liability). [*See id.*, p. 2, ¶ 7,]. Moreover, OWE did not take any steps to ratify EDJ's actions such that it could be vicariously liable. *See id.*; [*Id.*, ¶ 10].

    3.    At bottom, OWE did not initiate the phone calls that Plaintiff has complained about, and there is not an agency relationship that supports a vicarious liability that would allow the Court to impute EDJ's contacts to OWE. For that reason, OWE respectfully requests that the Court grant this Motion and dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## II.

    4.    Alternatively, OWE moves to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) for failure to state a claim for relief. That is, Plaintiff has failed to plausibly allege a claim against OWE for violating the TCPA. It is axiomatic that while a court must accept a plaintiff's well-pleaded allegations as true when considering a motion to dismiss, it is not required to "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *White v. U.S. Corrections, LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But those are precisely the type of allegations that Plaintiff has asserted in connection with her TCPA claim.

    5.    Indeed, there are no well-pled allegations that establish that OWE initiated the complained-of phone calls. [Doc. 16, ¶¶ 22-45]. Similarly, there are no well-pled allegations that establish the existence of an agency relationship that would allow the Court to hold OWE vicariously liable under the TCPA for calls made by a third-party. [Doc. 16, ¶¶ 45-85]. Indeed, Plaintiff has failed to credibly allege that EDJ (or any other entity or individual) had actual or apparent authority to act on OWE's behalf or that OWE obtained some benefit sufficient to demonstrate that OWE ratified a third-party's wrongful actions. Without allegations that establish

that OWE initiated the at-issue phone calls or that it had an agency relationship with the entity that placed the calls, Plaintiff has failed to state a claim against OWE under the TCPA. *See, e.g., Katz v. Caliber Home Loans, Inc.*, No. 3:23-CV-0145-S, 2023 WL 5311488, at *3 (N.D. Tex. 2023). OWE respectfully requests that the Court dismiss Plaintiff's First Amended Complaint for that reason too.

## CONCLUSION

For the foregoing reasons, and as further detailed in its supporting Brief, OWE respectfully prays that the Court grant this Motion, dismiss Plaintiff's claims, and grant OWE such other and further relief, whether at law or in equity, which the Court deems just and proper.

Respectfully submitted,

*/s/Caleb B. Bulls*
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Caleb B. Bulls
State Bar No. 24082749
caleb.bulls@kellyhart.com
**KELLY HART & HALLMAN, LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for OWE*

## **CERTIFICATE OF SERVICE**

On February 11, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Andrew Roman Perrong, Esq.
**PERRONG LAW, PLLC**
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

                                            */s/Caleb B. Bulls*
                                            Caleb B. Bulls