## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, | Case No. 4:24-cv-00994-P |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| OUR WORLD ENERGY LLC AND EDJ ENTERPRISES INC. | |
| Defendants. | |

### Report Regarding Contents of Scheduling Order

(1)     A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures.

**RESPONSE:** The initial scheduling conference was held in-person at the law offices of Sharon Campbell (local counsel for Plaintiff, who had designee authority pursuant to the Court's February 12, 2025 Order).  Ms. Campbell attended the conference in-person for Plaintiff, and Caleb Bulls (lead counsel for Defendant Our World Energy ("OWE")) attended the conference in-person for OWE.  Andrew Perrong, co-counsel for Plaintiff, attended the conference virtually.  The conference was held at Ms. Campbell's offices at 3300 Oak Lawn Ave Suite 425 Dallas, Texas 75219.

Defendant EDJ Enterprises Inc. ("EDJ") nor its counsel attended, as EDJ has not been served yet.  According to Plaintiff, EDJ has been evasive to Plaintiff's efforts to serve EDJ with process. Plaintiff's process server  has called EDJ's owner, but the call went to voicemail and the call was not returned.

The topic of settlement was meaningfully discussed at the conference.  Plaintiff expressed that, in order to tender an informed and realistic settlement demand, initial discovery into the nature, size, scope, and extent of the calling conduct must first be undertaken to ascertain the size and scope of the putative class. Moreover, Plaintiff is still in the process of serving EDJ, which will also inform the progress and nature of any potential settlement. OWE, on the other hand, believes that threshold issues, such as those set forth in its Motion to Dismiss Plaintiff's First Amended Complaint (e.g. whether the Court has personal jurisdiction over OWE and whether Plaintiff has stated a claim for relief [Doc. Nos. 19, 20] and whether Plaintiff can proceed on a class action basis, need to be determined first.  As such, while settlement of this matter will be a possibility, it is premature at this time.

(2)     A brief statement of the claims and defenses:

Plaintiff's Statement:  Plaintiff brings suit under the TCPA alleging that she was contacted without her permission after being listed on the Do Not Call list. Plaintiff alleges that she is a member of a class and seeks to have the matter brought as a class action suit. The Plaintiff is seeking to represent the following putative class:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of EDJ or Our World, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

The allegations in the Plaintiff's complaint are incorporated herein by reference.

Defendant's Statement:  OWE's business consists of installing state-of-the-art, locally-manufactured solar panels that are designed to save end consumers money.  For business development purposes, OWE contracts with independent contractors for lead generation and/or sales development services.  The agreements that OWE enters into with these entities establish that the relationship between OWE and the entity is an independent contractor relationship, and not an employer-employee or principal-agent relationship.  These agreements plainly require OWE's independent contractors to comply with state and federal do-not-call laws.

In the Spring of 2024, Plaintiff has alleged that she received a series of phone calls and text messages from EDJ.  In connection with her allegations, Plaintiff has asserted a putative class action claim for violations of the Telephone Consumer Protection Act against OWE and EDJ. OWE cannot be directly liable under the TCPA because it did not place any of the phone calls or messages to Plaintiff.  OWE can also not be vicariously liable for EDJ's (or any other contractor's) actions (*i.e.*, phone calls or messages) because its relationship with EDJ is an independent contractor relationship. *See, e.g., Callier v. Wide Merchant Investment, Inc.*, 671 F.Supp.3d 736, 740 (W.D. Tex. 2023).

(3)     A proposed time limit to amend pleadings and join parties:

**RESPONSE:** Additional third parties shall be added by May 23, 2025, unless otherwise agreed by the parties or court order. Amendments to pleadings seeking affirmative relief shall be made by May 23, 2025, unless otherwise agreed by the parties or court order.  Responsive pleadings shall be made by June 6, 2025.

(4)     A proposed time limit for dispositive motions (e.g., summary judgment):

**RESPONSE:** Dispositive motions shall be filed no later than sixty (60) days before trial, unless otherwise agreed by the parties or court order.

(5)     A proposed time limit for initial designation of experts and responsive designation of

experts:

**RESPONSE:**  Plaintiff shall designate its experts by July 25, 2025.  OWE shall designate its experts by August 25, 2025.

(6)     A proposed time limit for objections to experts (e.g., Daubert and similar motions):

**RESPONSE:**  Sixty (60) days before trial.

(7)     A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases:

**RESPONSE:**  The parties do not need to conduct discovery in phases. Plaintiff believes that she will need discovery on the following subjects: (1) Defendants' and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendants' policies and procedures regarding compliance with the TCPA; (4) Defendants' affirmative defenses; (5) Defendants' alleged negligence or willfulness regarding TCPA violations; (6) Defendants' document retention policies; (7) identification of witnesses; and (8) Defendants' relationship as among themselves and with any third parties that may have relevant information or who may also be liable surrounding this matter, including EDJ.  In the event that the case is not dismissed, OWE anticipates that it will need discovery surrounding (1) the calls and messages that Plaintiff claims violated the TCPA; (2) whether Plaintiff consented to any of the calls or otherwise requested information concerning solar paneling systems; (3) Plaintiff's alleged damages; and (4) other TCPA lawsuits that Plaintiff has filed.  The parties reserve their right to seek discovery on additional topics as discovery progresses.

The parties anticipate completing depositions of experts by September 24, 2025.

(8)     A statement on whether any limitations on discovery need to be imposed, and if so, what limitations:

**RESPONSE:**  The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, unless subsequently modified by agreement of the parties or Order of the Court.

(9)     A statement on how to disclose and conduct discovery on electronically-stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI;

**RESPONSE:** The parties anticipate working together to address any issues regarding ESI which may arise.

(10)    A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded:

**RESPONSE:**  A jury has been demanded.  The parties propose a trial date in January 2026, subject to the Court's availability.  The parties anticipate that trial will last three to five days.

(11)    A proposed mediation deadline;

       **RESPONSE:** Sixty (60) days before the trial date.

(12)    A statement on when and how disclosures under FED. R. CIV. P. 26(1) were made or will be made:

       **RESPONSE:** Rule 26 disclosures will be made by March 19, 2025 (i.e., within fourteen days of March 5, 2025, per the Court's Order).

(13)    A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge:

       **RESPONSE:** The Parties do not jointly consent to trial before a Magistrate Judge.

(14)    Whether a conference with the Court is desired, and if so, a brief explanation why:

       **RESPONSE:** None is requested at this time; however, the parties are at the convenience of the court.

(15)    Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).

       **RESPONSE:** None at this time.


/s/ Andrew Perrong                       March  5, 2025
Andrew Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/Caleb B. Bulls*                     March 5, 2025
Counsel for Defendant
Caleb B. Bulls
KELLY HART & HALLMAN, LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102