IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 4:24-cv-00994-P |
| OUR WORLD ENERGY, LLC, and EDJ ENTERPRISES, INC., | § § § | |
| *Defendants* | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Respectfully submitted,

*/s/ Caleb B. Bulls*
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Caleb B. Bulls
caleb.bulls@kellyhart.com
State Bar No. 24082749
**KELLY HART & HALLMAN LLP**
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR OWE**

## **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ....................................................................................... 1

II.   ARGUMENT ..................................................................................................................... 3

      A.   *Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(b)(2).* ................. 3

      B.   *Plaintiff's Complaint Should Be Dismissed Pursuant to Rule 12(b)(6).* ................ 8

III.   CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Bradley v. DentalPlans.com*,
  No. CCB-20-1094, 617 F.Supp.3d 326, 338-43 (D. Md. July 27, 2022) ............................... 6, 7

*Callier v. Wide Merchant Investment, Inc.*,
  No. EP-22-CV-00123-FM, 671 F.Supp.3d 736, 740 (W.D. Tex. 2023) ..................................... 1, 3

*Cunningham v. Watts Guerra*,
  No. SA-22-CV-363-OLG (HJB), 2024 WL 3100773 (W.D. Tex. May 23, 2024)..................... 6

*Heller v. Marriott Vacations Worldwide Corp.*,
  EP-22-CV-00398-MFM-MAT, 2023 WL 6702696, at *5 (W.D. Tex. 2023)................ 2, 3, 4, 7

*Hunsinger v. Dynata, LLC*, No. 3:22-cv-00136-G-BT, 2012 WL 2377481, at *5 (N.D. Tex. Feb.
  7, 2023), report and recommendation adopted, No. 3:22-CV-0136-G-BT, 2023 WL 2368710
  (N.D. Tex. Mar. 4, 2023) ............................................................................................................ 2, 8

*Katz v. Caliber Home Loans, Inc.*,
  No. 3:23-CV-0145-S, 2023 WL 5311488, at *3 (N.D. Tex. 2023)......................................... 8, 9

*Oracle Elevator Holdco, Inc. v. Exodus Solutions, LLC*,
  No.4:19-CV-4658, 2021 WL 4077581, at *10 (S.D. Tex. 2021) ............................................... 5

*Palliative Plus, LLC v. A Assure Hospice, Inc.*,
  2025 WL 284920, at *8 (Tex. App.--Austin, Jan. 24, 2025) (no pet. h.) ................................... 5

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
  253 F.3d 865, 869 (5th Cir. 2001) ............................................................................................... 6

*Seitz v. Envirotech Sys. Worldwide, Inc.*,
  No. H-02-4782, 513 F.Supp.2d 855, 863 (S.D. Tex. 2007)......................................................... 6

*Stemke v. Marc Jones Constr., LLC*,
  No. 5:21-CV-274-30PRL, 2021 WL 4340424, at *2-*3 (M.D. Fla. Sept. 23, 2021)................. 8

*Toney v. Quality Res., Inc.*,
  No. 13 CV 42, 75 F.Supp.3d 727, 746 (N.D. Ill. Dec. 1, 2014) ................................................. 8

Defendant Our World Energy, LLC ("OWE") hereby files this Reply in Support of Motion to Dismiss. In support, OWE shows the Court as follows:

## I.
## PRELIMINARY STATEMENT

1. Through her *Response in Opposition to Defendant's Motion to Dismiss* (the "Response"), Plaintiff Kelly Bland ("Plaintiff") contends that (i) the Court *can* exercise personal jurisdiction over OWE; and (ii) she *has* alleged facts sufficient to hold OWE liable under the Telephone Consumer Protection Act (the "TCPA"). Neither contention is correct.

2. To begin with, Plaintiff has failed to establish a *prima facie* case that supports the exercise of personal jurisdiction over OWE. Through its *Motion to Dismiss Plaintiff's First Amended Complaint* (the "Motion"), OWE submitted detailed evidence which demonstrated that (i) OWE did not initiate any of the complained-of phone calls; and (ii) Defendant EDJ Enterprises, Inc. ("EDJ") is not OWE's agent, and as a result, that any contacts that EDJ has with the State of Texas cannot be imputed to OWE. For her part, Plaintiff did not introduce any evidence[1] that demonstrates that OWE initiated the phone calls or that EDJ was acting as OWE's agent when it allegedly made the at-issue phone calls. Without such evidence, there is no basis for the Court to exercise personal jurisdiction over OWE. *See, e.g. Callier v. Wide Merchant Investment, Inc.*, No. EP-22-CV-00123-FM, 671 F.Supp.3d 736, 740 (W.D. Tex. 2023). OWE respectfully requests that the Court grant the Motion for that reason.

3. Next, even if the Court can exercise personal jurisdiction over OWE, Plaintiff's Complaint has still failed to state a cause of action under the TCPA against OWE. Here, OWE

---

[1] Plaintiff did submit her own affidavit. [Doc. 24]. However, Plaintiff's affidavit is self-serving, is not based on personal knowledge (in relevant part), and amounts to nothing more than the type of conclusory statements that courts are not required to credit. *See, e.g.*, *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

did not initiate the at-issue phone calls [Doc. 21, App., p. 2, ¶ 19], and to the extent Plaintiff is attempting to advance a direct theory of liability against OWE, Plaintiff's non-descript and conclusory allegations are not sufficient to survive a Rule 12(b)(6) challenge. *See, e.g., Hunsinger v. Dynata, LLC*, No. 3:22-cv-00136-G-BT, 2012 WL 2377481, at *5 (N.D. Tex. Feb. 7, 2023), report and recommendation adopted, No. 3:22-CV-0136-G-BT, 2023 WL 2368710 (N.D. Tex. Mar. 4, 2023).

4. The only other way Plaintiff could state a claim against OWE under the TCPA is under a vicarious liability theory. *See id.* To hold a defendant vicariously liable under the TCPA, a plaintiff is required to allege that the defendant controlled "the manner and means of the [agent's] telemarketing campaign." *Heller v. Marriott Vacations Worldwide Corp.*, EP-22-CV-00398-MFM-MAT, 2023 WL 6702696, at *5 (W.D. Tex. 2023). Here, Plaintiff's Complaint failed to plausibly allege the existence of such a relationship, and her Response did not change that.

5. Specifically, the only allegations that Plaintiff has made in support of her attempt to establish a principal-agent relationship relate to certain provisions that are contained in the Sub Dealer Agreement between OWE and EDJ (the "EDJ Agreement"). [*See generally* Doc. 21, App. pp. 5–50]. But courts across the country have determined that provisions like those that Plaintiff relies upon do not establish a principal-agent relationship [Doc. 20, ¶ 35], and Plaintiff has not offered any further explanation that demonstrates that OWE exerts the level of control over EDJ necessary to establish a principal-agent relationship. [*See generally* Doc. 23 (only argument is an attempt to distinguish the cited cases as employer-employee cases)]. Because Plaintiff has failed to plausibly allege the existence of a principal-agent relationship, OWE cannot be held liable for EDJ's alleged actions. *See Callier*, 671 F.Supp.3d at 740. OWE respectfully requests that the Court dismiss Plaintiff's Complaint against OWE for that reason as well.

6. For these reasons, those further set forth herein, and those previously set forth in OWE's Motion (and accompanying brief), OWE respectfully requests that the Court dismiss Plaintiff's Complaint for (i) lack of personal jurisdiction; and/or (ii) failure to state a claim under the TCPA.

## II.
## ARGUMENT

### A. *Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(b)(2).*

7. Through its Motion, OWE argued that the Court cannot exercise personal jurisdiction over OWE. In support of its argument, OWE submitted documentary and affidavit evidence which established that (i) OWE did not initiate the complained-of phone calls; and (ii) OWE does not control EDJ's actions. [*See generally* Doc. 21]. In other words, OWE submitted evidence to controvert Plaintiff's allegations that OWE either placed the calls or that it should be liable as EDJ's alleged principal. [*Id.*, *see also id.*, App., p. 2, ¶ 5 ("OWE does not control the means, methods or manners in which the contractors perform their lead generation or sales development services."), ¶ 19 ("I confirmed that none of the phone numbers that Plaintiff identified in her Complaint are owned or operated by OWE.")].

8. Plaintiff's Response did not provide any competent rebuttal evidence to refute these points. For example, Plaintiff did not submit any rebuttal evidence that showed that OWE was the entity that initiated the phone calls (it clearly was not). Nor did Plaintiff submit any evidence that showed that OWE maintained control over "the manner and means of the telemarketing campaign," as is required to establish vicarious liability in the TCPA context. *Heller*, 2023 WL 6702696, at *7; [*see generally* Doc. 23 (not providing any evidence to prove that OWE maintained control over the alleged telemarketing campaign)]. Instead, Plaintiff's Response seemingly asks the Court to rely upon her previously-pled allegations as a sufficient basis for the Court to exercise

personal jurisdiction over OWE.[2]  [Doc. 23, p. 15].  Plaintiff's Response misses the mark for several reasons.

9.      *First*, Plaintiff's Response acts as if OWE initiated the phone calls that Plaintiff has complained about.  Indeed, Plaintiff's Response cites to several cases that stand for the proposition of law that a district court can exercise personal jurisdiction over a TCPA-defendant that initiated phone calls into the respective jurisdiction.  [*Id.*, p. 8-10 (citing *Cunningham v. Watts Guerra, LLP*, *Thomas v. Life Protect 24/7, Inc.*, and *Trois v. Apple Tree Auction Ctr., Inc.*)].  In *this* case, however, OWE did *not* initiate any of the phone calls.  [Doc. 21, App., p. 4, ¶ 19].  Indeed, as explained in the Affidavit of Alicia O'Neill,[3] Ms. O'Neill cross-referenced the phone numbers identified in Plaintiff's Complaint and confirmed that none of those phone numbers belong to OWE or are otherwise operated by OWE.  [*Id.*].  Plaintiff did not submit any evidence in connection with her Response that rebutted this evidence.  [*See* Docs. 23, 24].  The cases that Plaintiff relies upon to support the exercise of jurisdiction are inapposite for that reason.

10.     *Second*, as a result of the foregoing (i.e., because OWE did not place the complained-of phone calls), the only basis for the Court to exercise personal jurisdiction over OWE is if EDJ was OWE's agent.  *See Heller*, 2023 WL 6702696, at *4 ("[I]f vicarious liability or an agency relationship cannot be established, then the offending contacts by the third party cannot support jurisdiction.").  In support of that contention, Plaintiff has relied upon several provisions contained in the EDJ Agreement.  [Doc. 16, ¶¶ 53-61].  But as OWE's Motion

---

[2] Plaintiff's Response seemingly asks the Court to only focus on the sufficiency of the allegations set forth in her Complaint.  That, of course, is not the standard when assessing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  *E.g.*, *Rogers v. Nat'l Care Cure, LLC*, 636 F.Supp.3d 762, 768-69 (S.D. Tex. 2022) ("In making its [personal jurisdiction] determination, the district court may consider the contents of the record before the court at the time of the motion, including affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.").

[3] Ms. O'Neill is OWE's Finance, Accounting, Strategy & Legal Program Manager.  [Doc. 21, App., p. 4, ¶ 2].

explained, none of those provisions turned OWE's relationship with EDJ from an independent contractor relationship to a principal-agent relationship. [Doc. 20, ¶ 35]. If anything, the cases cited by OWE demonstrate that EDJ is an independent contractor. [*See id.*]. In support of her argument, Plaintiff has tried to distinguish these cases because they were decided in the employer-employee context, as opposed to the principal-agent context Plaintiff has alleged here.

11. Plaintiff's argument, however, presents a distinction without a difference. It is axiomatic that "[a]n employer-employee relationship is a species of the formal principal-agent relationship." *Oracle Elevator Holdco, Inc. v. Exodus Solutions, LLC*, 2021 WL 4077581, at *10 (S.D. Tex. 2021); *see also Palliative Plus, LLC v. A Assure Hospice, Inc.*, 2025 WL 284920, at *8 (Tex. App.--Austin, Jan. 24, 2025) (no pet. h.). Thus, the cases that OWE has directed the Court to are unquestionably instructive for purposes of determining whether EDJ is an independent contractor (it is), and Plaintiff's attempt to distinguish those cases should be quickly dismissed.[4] [Doc. 20, ¶ 35 (citing cases)].

12. *Third,* because the provisions contained in the Independent Contractor Agreements do not establish a principal-agent relationship, the only remaining question is whether OWE actually controlled EDJ's actions. It did not. As established in Ms. O'Neill's affidavit, OWE "does not control the means, methods or manners in which the contractors [like EDJ] perform their lead generation or sales development services":

> OWE does not control the means, methods, or manner in which the contractors perform their lead generation or sales development services. To that end, OWE does not maintain control over which potential customers the contractors should pursue or how the contractors should contact those individuals (other than not to violate federal or state laws). It is the contractor's decision who to contact, how to

---

[4] For example, in the employment context, the employer's right to control the potential employee's actions is the "determinative test" for analyzing the existence of an employee-employer relationship. *Morgan v. Freeman*, 715 F.2d 185, 188 (5th Cir. 1983). Similarly, the critical element of an agency relationship is whether the principal controls the agent's work. *Cardinal Health Sols., Inc. v. Valley Baptist Med. Ctr.*, 643 F. Supp. 2d 883, 887–88 (S.D. Tex. 2008).

      contact them, and how best to pursue any given lead. OWE does not participate in that process.

[Doc. 21, App., p. 2, ¶¶ 5, 10-14]. Plaintiff's Response did not submit any competent rebuttal evidence on this point, and Plaintiff's conclusory allegations are not sufficient to establish jurisdiction over OWE. [*See generally* Doc. 24]; *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (dismissing case for lack of personal jurisdiction and explaining that "the district court correctly held that the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."); *Seitz v. Envirotech Sys. Worldwide, Inc.*, 513 F.Supp.2d 855, 863 (S.D. Tex. 2007) (same). Plaintiff's Complaint should be dismissed for lack of jurisdiction for those reasons.

      13.     In an attempt to demonstrate that personal jurisdiction can be exercised, Plaintiff principally relies on two cases: *Cunningham v. Watts Guerra, LLP* and *Bradley v. DentalPlans.com*. [Doc. 24, pp. 9-13]. Neither case supports Plaintiff's contention. To begin with, the underlying facts in *Cunningham* are not at all similar to those before this Court. Indeed, the *Cunningham*-plaintiff specifically alleged that the non-resident defendant initiated the complained-of phone calls into the forum state. *Cunningham*, 2024 WL 3100773, at *9. As discussed *supra*, that is not the case here. [Doc. 21, p. 4, ¶ 19]. *Cunningham* is distinguishable for that reason.

      14.     *Bradley* is also distinguishable.[5] In *Bradley*, the U.S. District Court of Maryland considered whether DentalPlans acted as Cigna's agent, and as a result, whether DentalPlans' contacts with the State of Maryland could be imputed to Cigna. 617 F.Supp.3d 326, 338-43 (D. Md. 2022). In determining that DentalPlans *was* Cigna's agent, the Maryland court relied upon

---

[5] *Bradley* is a Maryland district court case that is (obviously) not binding on this Court. 617 F.Supp.3d 326 (D. Md. 2022).

the contract between Cigna and DentalPlans and certain provisions which evidenced an agency relationship. *Id.* at 339. The relevant provisions, among other things, gave Cigna the right to terminate the contract, as well as requiring Cigna's consent to any changes to DentalPlans' business plan.[6] *Id.*

15. The EDJ Agreement is completely distinguishable from the agreement at-issue in *Bradley*. Specifically, the EDJ Agreement: (i) stated that EDJ was an independent vendor [Doc. 21, App., p. 6 (Section 2(c))]; (ii) prohibited EDJ from holding itself out as OWE's agent [*id.*]; (iii) prohibited EDJ from violating do-not-call laws [*id.*, p. 12 (Section 4(w))]; (iv) was terminable by either party for any reason [*id.*, p. 13 (Section 7(a))]; (v) required EDJ to bear its own expenses [*id.*, p. 18 (Section 8(i))]; and (vi) required EDJ to disclose its independent vendor relationship with OWE to customers. [*Id.*, pp. 43-44 (Exhibit C, Section 1)]. All of these provisions are indicative of an independent contractor relationship, not a principal-agent one. This is, thus, a completely different situation than the one present in *Bradley*.

16. As it stands, the evidence before the Court establishes that OWE did not initiate the at-issue phone calls and that EDJ is not OWE's agent. There is nothing in the record to demonstrate otherwise. Accordingly, Plaintiff has failed to discharge her burden to make a *prima facie* case to support the exercise of personal jurisdiction. *Heller*, 2023 WL 6702696, at *4. For

---

[6] Plaintiff further relies on *Bradley* for the confusing premise that OWE should be subject to jurisdiction in Texas because the EDJ Agreement purportedly granted EDJ a "Territory." [Doc. 23, pp. 12-13]. However, *Bradley* does not stand for this broad conclusion, and the Maryland district court instead based its holding upon the *plaintiff's prima facie* showing of: (1) the defendant's control over the alleged-agent (actual authority); and (2) the plaintiff's reasonable belief that the defendant provided the alleged-agent with authorization to make the phone calls at-issue (apparent authority). *See Bradley v. DentalPlans.com*, 617 F. Supp. 3d 326, 339, 344 (D. Md. 2022). Moreover, although the term "Territory" is capitalized in the EDJ Agreement, it is never defined to identify a specific area, whether Texas or otherwise. [*See* Doc. 21, App. p. 30 (Schedule 1) at ¶ 1.80]. Instead, while the term "Territory" is defined as "the meaning set forth on the first page set forth above," the word "Territory" is not defined on the first page of the EDJ Agreement. [*Id.*, App., p. 5].

those reasons, OWE respectfully requests the Court grant the Motion and dismiss Plaintiff's Complaint against OWE for lack of personal jurisdiction.

B.  *Plaintiff's Complaint Should Be Dismissed Pursuant to Rule 12(b)(6).*

17.  Plaintiff's Complaint should also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. As set forth in its Motion, OWE argued that Plaintiff has failed to state a claim against OWE under the TCPA because Plaintiff has not plausibly alleged (i) that OWE initiated the complained-of phone calls; and (ii) the existence of an agency relationship between OWE and EDJ. [Doc. 20, pp. 19-25]. Plaintiff's Response does little to rebut these arguments.

18.  Instead, Plaintiff's Response tries to distinguish the authorities that OWE cited to in its Motion by claiming that those cases involved the formulaic recitation of the elements of a TCPA claim or of an agency relationship (and that this case does not). [Doc. 23, pp. 28-29]. According to Plaintiff, her allegations are not merely "formulaic" and are sufficient to withstand a Rule 12(b)(6) challenge. [*Id.*]. But Plaintiff's Response does not offer any explanation for why that is the case. [*Id.*]. The reason that Plaintiff cannot offer any further explanation is simple: her conclusory allegations *are* formulaic recitations of a TCPA claim and of an agency relationship. That is, her allegations are exactly like those advanced by the plaintiffs in *Hunsinger* and *Katz* where the plaintiffs' TCPA claims were dismissed. *See Hunsinger*, 2023 WL 2377481, at *5; *see also Katz v. Caliber Home Loans, Inc.*, No. 3:23-CV-0145-S, 2023 WL 5311488, at *3 (N.D. Tex. 2023).

19.  The only other argument that Plaintiff advances in her Response is that the allegations she has advanced are similar to those advanced in *Stemke v. Marc Jones Constr., LLC* and *Toney v. Quality Res., Inc.* where courts found a plaintiff had stated a claim under the TCPA. Despite Plaintiff's contention that these cases are on "all fours," they are not.

20. Specifically, in those cases, the plaintiff alleged that the defendant actually initiated the phone calls. *Id.* For example, in *Stemke*, the plaintiff "allege[d] several times that she or her attorneys confirmed that Sunpro placed the subject calls." No. 5:21-CV-274-30PRL, 2021 WL 4340424, at *2-*3 (M.D. Fla. Sept. 23, 2021). Similarly, in *Toney*, the defendant did "not dispute that [the defendant] initiated four calls to [the] plaintiff." *Toney*, 75 F.Supp.3d 727, 746 (N.D. Ill. Dec. 1, 2014). Instead, the defendant contended that the plaintiff could not identify what the content of three of the calls related to because those calls went unanswered (the court rejected this argument). *Id.* The allegations advanced in this case are unquestionably different. Plaintiff has not disputed that OWE did not initiate any of the complained-of phone calls. Thus, *Stemke* and *Toney* are inapposite for that reason. Tellingly, in *Katz*, this Court (Dallas Division) distinguished *Stemke* on these very same grounds and dismissed the plaintiff's complaint.[7] *Katz*, 2023 WL 5311488, at *3.

21. Plaintiff's Response similarly does not provide any discussion about the sufficiency of her allegations that supposedly support vicarious liability. [Doc. 23, pp. 28-29]. To the extent Plaintiff is relying on the contractual provisions discussed *supra*, none of those provisions (individually or collectively) demonstrate the existence of an agency relationship. [Doc. 20, ¶ 35]. Plaintiff's reliance on the contractual provisions aside, Plaintiff's remaining allegations are completely conclusory and are not the type of allegations sufficient to withstand a motion to dismiss. *See Hunsinger*, 2023 WL 2377481 ("These allegations are conclusory and represent nothing more than formulaic recitations of an agency relationship."), at *6; *Katz*, 2023 WL 5311488, at *3.

---

[7] Ironically, one of Plaintiff's attorneys (Anthony Paronich) represented the *Katz* plaintiff. 2023 WL 5311488, at *1.

22. At bottom, EDJ is not OWE's agent, and Plaintiff has not offered a single non-conclusory allegation to rebut that point. As a result, OWE maintains that Plaintiff has failed to plausibly allege the existence of an agency relationship sufficient to state a claim under the TCPA. *See id.*

23. For those reasons, OWE respectfully requests that the Court grant the Motion and dismiss Plaintiff's Complaint against OWE pursuant to Rule 12(b)(6).

### III.
### CONCLUSION

For the above-stated reasons, and those previously set forth in the Motion, OWE respectfully requests that the Court grant the Motion and dismiss Plaintiff's claims.

Respectfully submitted,

*/s/ Caleb B. Bulls*
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Caleb B. Bulls
caleb.bulls@kellyhart.com
State Bar No. 24082749
**KELLY HART & HALLMAN LLP**
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR OWE**

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record via the Court's ECF filing system and/or electronic mail on March 18, 2025:

| | |
|---|---|
| Andrew Roman Perrong<br>a@perronglaw.com<br>Perrong Law, LLC<br>2657 Mount Carmel Avenue<br>Glenside, PA 19038 | Sharon K. Campbell<br>Law Offices of Sharon Campbell<br>3300 Oak Lawn Avenue, Suite 425<br>Dallas, TX 75219 |
| Anthony Paronich<br>anthony@paronichlaw.com<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043 | |

                                                        */s/ Caleb B. Bulls*
                                                        Caleb B. Bulls