IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KELLY BLAND, individually and on behalf of all others similarly situated,** § § § | | |
| *Plaintiff*, § § | | |
| **v.** § | Case No. 4:24-cv-00994-P | |
| § | | |
| **OUR WORLD ENERGY, LLC, and EDJ ENTERPRISES, INC.,** § § § § | | |
| *Defendants* § | | |

### NOTICE OF DEFECT IN AFFIDAVIT SUPPORTING MOTION TO DISMISS

Defendant Our World Energy, LLC ("OWE") hereby files this *Notice of Defect in Affidavit Supporting Motion to Dismiss*. In connection therewith, OWE respectfully shows the Court as follows:

**I.**

1. On February 11, 2025, OWE filed its *Motion to Dismiss Plaintiff's First Amended Complaint* (the "Motion to Dismiss"). [Doc. 19]. The Motion to Dismiss requests that the Court dismiss Plaintiff's *First Amended Complaint* (the "First Amended Complaint") on two grounds. First, the Motion to Dismiss contends that the First Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Second, the Motion to Dismiss contends that the First Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

2. In connection with the Motion to Dismiss, OWE submitted the Affidavit of Alicia O'Neill. Ms. O'Neill is OWE's Finance, Accounting, Strategy and Legal Program Manager. Since the Motion to Dismiss was filed, Plaintiffs propounded discovery on OWE. To adhere to

the Court's admonition that "[n]o pending dispositive motion . . . relieves a party or counsel of their obligation to comply with the deadlines" set forth in the Court's Scheduling Order [Doc. 26, ¶ 13], OWE responded to Plaintiffs' discovery requests.[1] OWE also began collecting documents to produce.

3. On April 14, 2025, OWE forwarded the materials that it collected to its attorney, Caleb Bulls. [App., pp. 1-2, ¶ 4]. The documents were then loaded into Kelly Hart & Hallman's litigation document management system. [*Id.*]. Mr. Bulls thereafter reviewed the materials. [*Id.*]. When he reviewed the documents, Mr. Bulls had questions about two statements that Ms. O'Neill had attested to in her Affidavit. [*Id.*]. After discussing those issues with OWE, Mr. Bulls determined that two statements in Ms. O'Neill's needed to be clarified or corrected. [*Id.*]. OWE files this Notice in order to do so.

A.   *The Sub-Dealer Agreement.*

4. To begin with, a *Sub Dealer Agreement* between OWE and co-Defendant EDJ Enterprises was attached to Ms. O'Neill's Affidavit as Exhibit A-1. [Doc. 21, App. 2, ¶ 7]. In her Affidavit, Ms. O'Neill stated that OWE had entered into a *Sub Dealer Agreement* with EDJ on or around April 9, 2024 (the "2024 Agreement") and attached that agreement to her affidavit. [*Id.*]. The 2024 Agreement was the operative agreement at the time Plaintiff received the complained-of phone calls [*see id.*], and it was the agreement that was in place when Ms. O'Neill first signed an affidavit on December 31, 2024 in connection with OWE's motion to dismiss Plaintiff's *Original Complaint.* [Doc. 11, App. 1-4].

---

[1] OWE did assert a general objection that made clear that it did not waive its objection to jurisdiction by serving the discovery responses.

5. After Ms. O'Neill had executed the affidavit in connection with OWE's motion to dismiss the *Original Complaint*, OWE and EDJ entered into a new agreement on January 9, 2025 (the "2025 Agreement"). There were two changes between the 2024 Agreement and the 2025 Agreement. First, a new aspect of the Telephone Consumer Protection Act (the "TCPA") was made effective this year. *See* 47 C.F.R. § 64.1200(f)(9). The statutory amendment set forth a "one-to-one consent" rule that required a consumer to consent to receive phone calls from each marketer. *See id.* In other words, a marketer could not obtain a global consent from a consumer to receive calls on behalf of more than one marketer or entity. *See id.* The 2025 Agreement, thus, included an updated provision that required that OWE's vendors to comply with the one-to-one-consent rule. [App., p. 87].[2]

6. Second, the 2025 Agreement included a new provision that set forth remedies available to OWE in the event that its vendors failed to timely pay OWE. [*Id.*, p. 83 (Section 4 of Exhibit A), p. 86 (Section 3.2 of Exhibit B)]. OWE requested that all of its vendors and contractors sign updated agreements to reflect these changes. Other than these changes, the 2024 Agreement and the 2025 Agreement were substantively the same.[3] [App., pp. 3-4, ¶ 3]. Importantly, the provisions that the parties relied upon in the Motion to Dismiss briefing remained the same. [*See id.*].

7. Thus, while the statements set forth in Ms. O'Neill's Affidavit regarding an agreement with EDJ were correct (i.e. that OWE and EDJ entered into an agreement on or around April 9, 2024), OWE files this Notice to clarify that it entered into a new agreement with EDJ on

---

[2] The highlighted portions of Exhibit B-2 were applied by counsel for ease of reference.

[3] The 2025 Agreement added a definition of "Milestones." Other than that, the only other changes were page formatting changes.

or around January 9, 2025 (to include the provisions set forth above) and to make sure that the Court has complete information before it in connection with adjudicating OWE's Motion to Dismiss.

### B.     Email Address Provided to SunSci.

9.     In Ms. O'Neill's Affidavit, she also stated that OWE did not provide former Defendant SunSci Media, LLC's principal,[4] John Whitmore, an e-mail address. [App., p. 4, ¶ 5]. That statement was not correct. [*Id.*]. OWE did provide Mr. Whitmore an e-mail address. [*Id.*]. OWE's typical practice is not to issue its vendors and/or contractors OWE-designated e-mail addresses. Indeed, OWE did not issue Mr. DeJohn (EDJ's principal) an OWE e-mail address. [*Id.*]. Ms. O'Neill incorrectly assumed that OWE's typical practice had been followed whenever she signed the Affidavit that stated that Mr. Whitmore had not been provided an OWE e-mail address. [*Id.*]. OWE files this Notice to correct that statement so that the Court has accurate and correct information before it in connection with adjudicating OWE's Motion to Dismiss.

## II.

10.     OWE files this Notice so that the Court has accurate and complete information before it in connection with its adjudication of the Motion to Dismiss and to make sure that OWE's attorneys fulfill the duty of candor that they owe to the Court.

---

[4] Plaintiff's claims against SunSci were dismissed on January 24, 2025 after Plaintiff failed to serve SunSci with process. [Doc. 15].

Respectfully submitted,

*/s/Caleb B. Bulls*
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Caleb B. Bulls
State Bar No. 24082749
caleb.bulls@kellyhart.com
**KELLY HART & HALLMAN, LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for Defendant Our World Energy*

# CERTIFICATE OF SERVICE

On April 18, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Andrew Roman Perrong, Esq.
**PERRONG LAW, PLLC**
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

*/s/Caleb B. Bulls*
Caleb B. Bulls