## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **KELLY BLAND, individually and on behalf of all others similar situated,** § § § § *Plaintiff*, § § **v.** § § **OUR WORLD ENERGY, LLC, and EDJ ENTERPRISES, INC.,** § § § § *Defendants* § § | Case No. 4:24-cv-00994-P |

### RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SEEK DEFAULT JUDGMENT

        Respectfully submitted,

        */s/ Caleb B. Bulls*
        Michael D. Anderson
        State Bar No. 24031699
        michael.anderson@kellyhart.com
        Caleb B. Bulls
        caleb.bulls@kellyhart.com
        State Bar No. 24082749
        **KELLY HART & HALLMAN LLP**
        Fort Worth, Texas 76102
        Telephone: (817) 332-2500
        Facsimile: (817) 878-9280

        **ATTORNEYS FOR OWE**

Defendant Our World Energy, LLC ("OWE") hereby files this Response to Plaintiff Kelly Bland's ("Plaintiff") *Motion for Extension of Time to Seek Default Judgment in Order to Continue Discovery to Obtain Records that Identify Putative Class Members* (the "Motion").  In support, OWE shows the Court as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff filed this lawsuit on her individual behalf and on a class action basis. [Doc. 16, ¶¶ 91-105]. On its face, Plaintiff's Motion may not appear to affect OWE (i.e. by asking for additional time to move for a default judgment against Defendant EDJ Enterprises, Inc. ("EDJ")). The Motion, however, incorrectly claims that the deadline for Plaintiff to file a motion for class certification has not passed. [Doc. 43, pp. 2-3 ("[T]he deadline for seeking class certification has not yet run."), p. 4 ("[T]he time to seek class certification has not yet run, . . .")].

2. Plaintiff's statement is not correct and is in direct contravention of Federal Rule of Civil Procedure 23(c)(1)(A) and Local Rule 23.2. Federal Rule of Civil Procedure 23(c)(1)(A) requires a court to determine "[a]t an early practicable time" whether or not "to certify the action as a class action." FED. R. CIV. P. 23(c)(1)(A). Embracing this rule, Local Rule 23.2 requires a class action plaintiff to file a motion for class certification within 90 days from the date the plaintiff files a complaint. L.R. 23.2. The purpose of these rules "is to give a clear definition of the parameters of a putative class, to outline the class involved in the class action and to apprise the defendants of their potential liability as soon as [is] practicable." *Joseph N. Main , P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573, 576 (N.D. Tex. 1996).

3. Contrary to Plaintiff's assertion, the deadline for Plaintiff to file a motion for class certification has clearly passed, both as to EDJ and OWE. Plaintiff filed this lawsuit on October 16, 2024. [Doc. 1]. Thus, under Local Rule 23.2, the deadline for her to file a motion for class certification would have been January 14, 2025--over five months ago. *See* L.R. 23.2. Even if the

**RESPONSE TO MOTION FOR EXTENSION OF TIME TO SEEK DEFAULT JUDGMENT        PAGE | 1**

deadline to move for class certification was calculated from the date Plaintiff joined EDJ to this action (January 28, 2025), Plaintiff still would not have complied with Local Rule 23.2's deadline-requirement. [*Compare* L.R. 23.2 (setting forth 90-day deadline) *with* Doc. 16 (filed Jan. 28, 2025)]. As a result, if Plaintiff were allowed to file a motion for class certification at some undetermined point in the future (as the Motion suggests), OWE would be deprived of the benefits these rules were intended to provide. *See id.*

4.   For that reason, and those further set forth herein, OWE requests that the Motion be denied and that the Court strike the class action allegations that have been asserted against OWE.

## II.
## RELEVANT PROCEDURAL BACKGROUND

5.   On October 16, 2024, Plaintiff initiated this lawsuit by filing her *Original Class Action Complaint* (the "Original Complaint"). [Doc. 1]. As set forth in the Original Complaint, Plaintiff alleged that OWE and former Defendant SunSci Media, LLC ("SunSci") violated the Telephone Consumer Protection Act (the "TCPA") by initiating six phone calls to her in the Spring of 2024.[1] [*Id.*, ¶¶ 22-40]. Through the Original Complaint, Plaintiff sought relief in her individual capacity, as well as on a class action basis "for all others similarly situated, . . ." [Doc. 1, ¶ 3]. According to Plaintiff, OWE is liable because it either directly initiated the complained-of phone calls or should be vicariously liable for the individuals or entities that actually placed the calls.

6.   On December 31, 2024, OWE filed its *Motion to Dismiss Plaintiff's Complaint.* [Doc. 9]. The motion to dismiss argued that the Original Complaint should be dismissed on two grounds: (i) that the Court could not exercise personal jurisdiction over OWE; and (ii) that Plaintiff

---

[1] Plaintiff alleges that these calls violated the TCPA because she had registered herself on the federal do-not-call registry.

**RESPONSE TO MOTION FOR EXTENSION OF TIME TO SEEK DEFAULT JUDGMENT**                    **PAGE | 2**

had failed to state a claim under the TCPA against OWE. Rather than respond to the motion to dismiss, Plaintiff filed her *First Amended Class Action Complaint* (the "Amended Complaint") on January 28, 2025. [Doc. 16]. Important here, through the Amended Complaint, Plaintiff dropped SunSci as a defendant, but added EDJ as a defendant. [*Id.*]. As a result of filing the Amended Complaint, the Court determined that the original motion to dismiss had been mooted. [Doc. 17].

7. Thus, on February 11, 2025, OWE filed its *Motion to Dismiss Plaintiff's First Amended Complaint*. [Doc. 19]. That motion sought to dismiss the Amended Complaint on the same grounds (i.e. for lack of personal jurisdiction and for failure to state a claim). [*Id.*; Doc. 20 (Brief)]. That motion is still pending before the Court.

8. On February 12, 2025, the Court entered an Order that directed the parties to conduct a face-to-face Rule 26 conference and to submit a Joint Status Report by March 5, 2025. [Doc. 22]. The parties' attorneys complied with the Court's Order and submitted their *Report Regarding Contents of Scheduling Order* by the Court-ordered deadline. [Doc. 25]. The Court entered its Scheduling Order the next day. [Doc. 26]. The Scheduling Order did *not* alter Local Rule 23.2's requirement to file a motion to certify within 90 days from the date the complaint was filed. [*Id.*]. The Scheduling Order did, however, instruct the parties to review the Northern District's Local Rules:

> 16. Notice: Each attorney of record and any unrepresented party must review and adhere to the Local Civil Rules of the Northern District of Texas. These Rules can be accessed at http://www.txnd.uscourts.gov/rules/localrules/lr_civil.html. Each attorney of record and any unrepresented party must also review and abide by the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, as outlined in *Dondi Properties Corp. v. Commerce Savings & Loan*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

[*Id.*, ¶ 16].

9. Relevant to the Motion, Local Rule 23.2 requires a class action plaintiff to file a motion for class certification "[w]ithin 90 days of filing a class action complaint" or "at such other time as the presiding judge by order directs." L.R. 23.2.

10. In addition to admonishing the parties to review the Local Rules, the Scheduling Order also instructed the parties that "[n]o pending dispositive motion [such as OWE's Motion to Dismiss] . . . relieves a party or counsel of their obligation to comply with the deadlines and instructions required by this Order." [*Id.*, ¶ 13]. As a result (and despite its pending Motion to Dismiss), OWE has prepared this case with the assumption that trial will occur on January 5, 2026, unless the case is dismissed or is resolved before then.

11. On April 22, 2025, EDJ filed a motion to dismiss pursuant to Rule 12(b). However, because it had not retained counsel, the Court denied the motion to dismiss and ordered EDJ to file an answer by May 28, 2025. [Doc. 39]. EDJ did not file an answer by the Court's deadline. As a result, on June 2, 2025, the Court ordered Plaintiff to move for default against EDJ by June 16, 2025. [Doc. 40].

12. On the day of the deadline, Plaintiff filed the instant Motion, asking the Court for additional time to file a motion for default judgment against EDJ. [Doc. 43]. Relevant to OWE, however, the Motion claimed that the deadline to file a motion for class certification had not passed and asked the Court for additional time to conduct discovery so that Plaintiff could file a motion for class certification at some undefined point in the future against EDJ *and* OWE. [*Id.*]. OWE objects to the Motion insofar as it seeks an extension of time to file a motion for class certification that applies to OWE. Plaintiff filed this lawsuit on October 16, 2014, and the deadline for Plaintiff to file a motion for certification expired several months ago. *See* L.R. 23.2.

## III.
## ARGUMENT & AUTHORITIES

13. Through her Motion, Plaintiff asks the Court to extend the deadline for her to move for default judgment against EDJ. While Plaintiff's request may not appear to implicate OWE on its face, Plaintiff (twice) states that the deadline for her to file a motion for class certification has not passed. [Doc. 43, pp. 2-3 ("[T]he deadline has seeking class certification has not yet run."), p. 4 ("[T]he time to seek class certification has not yet run, . . .")]. This statement has no basis in fact or law. Tellingly, Plaintiff does not cite to a single rule, order or authority in support of her position that the deadline to file a motion for class certification has not expired. [*See generally* Doc. 43].

14. Contrary to Plaintiff's assertion, Federal Rule of Civil Procedure 23(c)(1)(A) requires a court to determine whether to certify a class action "[a]t an early practicable time after a person sues or is sued as a class representative." FED. R. CIV. P. 23(c)(1)(A). Embracing this rule, the Northern District enacted Local Rule 23.2, which requires a class action plaintiff to file a motion for class certification "[w]ithin 90 days of filing a class action complaint." L.R. 23.2. Courts in the Northern District have strictly applied Local Rule 23.2 and determined that class action allegations should be struck for failure to comply with the Local Rule.

15. For example, in *Shree Veer Corp. v. OYO Hotels, Inc.*, the Dallas Division struck a plaintiff's class action allegations, despite an alleged agreement between the parties to conduct class action discovery first and then allow a plaintiff to move for class certification. 2024 WL 4183524, at *2 (N.D. Tex. 2024). To reach its conclusion, the Court held that the plaintiff had not demonstrated "good cause" sufficient to excuse its failure to comply with Local Rule 23.2:

> Plaintiffs have failed to establish good cause to extend the period for seeking class certification. Plaintiffs failed to seek class certification within 90 days of the removal of this action from state court on October 20, 2020, as required by Local Rule 23.2. Their only discussion of the 90-day period revolves around the parties' purported agreement to conduct class discovery and move for certification after that period. But the parties' agreement without the Court's ratification is not sufficient to modify the 90-day deadline. Thus, because the presiding judge did not modify

the 90-day deadline, it remained the deadline and expired. Even if Plaintiffs were unaware of the 90-day deadline, ignorance of the local rules is not "excusable neglect."

*Id.*

16. Similarly, in *Joseph N. Main, P.C. v. Elec. Data Sys. Corp.*, a class action plaintiff argued that Local Rule 23.2's deadline did not begin to run until the plaintiff filed an amended complaint in federal court (and not on the date the case was removed). 168 F.R.D. 573, 577 (N.D. Tex. 1996). The Court rejected the plaintiff's argument and held that the plaintiff's interpretation "would vitiate Local Rule 10.2(b) [now Local Rule 23.2] and Federal Rule of Civil Procedure 23(c)(1)." *Id.* As explained in *Joseph N. Main*, the purpose of Rule 23 and Local Rule 23.2 "is to give a clear definition of the parameters of a putative class, to outline the class involved in the class action and to apprise the defendants of their potential liability as soon as [is] practicable." 168 F.R.D. at 576.

17. Here, no matter what pleading Plaintiff tries to calculate the Local Rule 23.2 deadline from, she has failed to comply with the 90-day deadline. More than 90 days have passed since Plaintiff filed the lawsuit on October 16, 2024, and over 90 days have passed since Plaintiff amended its Complaint and added EDJ as a party. [*See* Doc. 1 (filed Oct. 16, 2024), Doc. 16 (filed Jan. 28, 2025)]. Plaintiff's Motion does not articulate any reason, let alone demonstrate "good cause," to excuse her failure to comply with Local Rule 23.2.

18. If Plaintiff's Motion were granted and Plaintiff is allowed to file a motion for class certification at some undefined point in the future (as suggested in the Motion), Federal Rule of Civil Procedure 23 and Local Rule 23.2's purposes "would be vitiated" and OWE would be deprived of the benefits these rules were intended to provide. *See id.* Thus, to the extent Plaintiff's Motion seeks leave of Court to file a motion for class certification at some point in the future, OWE objects to the Motion and asks that the Court deny the Motion. The time for Plaintiff to seek

class certification has long since passed under the Rules, and Plaintiff has not articulated good cause for extending that deadline. Plaintiff's Motion should be denied.

## IV.
## CONCLUSION

For the above-stated reasons, OWE respectfully requests that the Court deny the Motion. OWE additionally requests all other and further relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Caleb B. Bulls*
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Caleb B. Bulls
caleb.bulls@kellyhart.com
State Bar No. 24082749
**KELLY HART & HALLMAN LLP**
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR OWE**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record via the Court's ECF filing system and/or electronic mail on June 20, 2025:

| | |
|---|---|
| Andrew Roman Perrong<br>a@perronglaw.com<br>Perrong Law, LLC<br>2657 Mount Carmel Avenue<br>Glenside, PA 19038 | Sharon K. Campbell<br>Law Offices of Sharon Campbell<br>3300 Oak Lawn Avenue, Suite 425<br>Dallas, TX 75219 |
| Anthony Paronich<br>anthony@paronichlaw.com<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043 | |

                                        */s/ Caleb B. Bulls*
                                        Caleb B. Bulls