IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br>     v.<br><br>OUR WORLD ENERGY LLC<br>AND<br>EDJ ENTERPRISES INC.<br><br>                      Defendants. | Case No. 4:24-cv-00994-P<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO
SEEK DEFAULT JUDGMENT IN ORDER TO
CONTINUE DISCOVERY TO OBTAIN
<u>RECORDS THAT IDENTIFY PUTATIVE CLASS MEMBERS</u>**

Defendant Our World Energy LLC's opposition to the Plaintiff's motion should fail and the Plaintiff should be permitted to seek class certification by a singular deadline, as required by the Rules. Per this Court's order of March 6, 2025, the deadline for the parties to file dispositive motions is due on November 4, 2025; as such Local Rule 23.2's exception, that motions for class certification are not due until "such other time as the presiding judge by order directs," controls. But even if Local Rule 23.2 applied, EDJ's default and Our World's pending motion to dismiss constitute circumstances that make compliance with Local Rule 23.2 impracticable and nearly impossible. This Court should grant the requested relief and permit the Plaintiff to file a single motion for class certification, as the Rules require, by November 4, 2025.

## LAW AND ARGUMENT

1. **Class certification is a partial "dispositive motion" under the text of this Court's March 6 Scheduling Order.**

This Court's scheduling order advised that "all motions that dispose of all *or any part of this case* (e.g., summary judgment) must be filed" by "November 4, 2025." (ECF No. 26, p. 1, 2) (emphasis added). Given that this Court's order did not otherwise address the class certification deadline and given that a motion for summary judgment was only *one such* example the Court gave of a "dispositive motion," class certification should also be construed as a "dispositive motion" under the plain text of this Court's order. A motion for class certification, by definition, disposes of a major issue in this case: the class's claims, as opposed to the Plaintiff's individual claims, and in so doing, partially disposes of the case. As a putative class action, the class claims, by definition, are a "part of this case." *See Roper v. Consurve, Inc.*, 578 F.2d 1106, 1113 (5th Cir. 1978) (noting that the "utility of a class action" would allow the defendant to "dispose[] of 90,000 potential claims in one coup."). Indeed, this reading is in line with the Supreme Court and other circuits, including the Ninth Circuit. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (noting that the Court's "rigorous analysis" at class certification "will entail some overlap with the merits of the plaintiff's underlying claim"); *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) ("[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class.").

Moreover, reading the Court's order in this manner most accurately conforms with Fifth Circuit precedent surrounding what constitutes an "order" that "disposes of" a "claim." And a request for a court order is made by a motion. FED. R. CIV. P. 7(b)(1). The Fifth Circuit has held

that an order "disposes of" a "claim," for purposes of Rule 54(b), when it makes an express holding as to liability. *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 230 (5th Cir. 2014). This Court has held that orders granting or denying class certification, before final judgment, are governed by Rule 54(b)'s explicit text, which allows a court to "reconsider an interlocutory order," since such orders dispose of the class claims in the case. *Turk v. Pershing LLC*, No. 3:09-CV-2199-N, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) (citing Rule 23(c)(1)(C) and *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1350 (5th Cir. 1985)). It therefore must follow that an order on a motion for class certification would "dispose of" part of the case, putting such a motion under the ambit of this Court's scheduling order. Indeed, because an order granting or denying class certification under Rule 23 disposes of class claims, Rule 23 permits a discretionary appeal of any "order granting or denying class-action certification under [Rule 23]," further demonstrating that such an order is partially dispositive. FED. R. CIV. P. 23(f).

But even if this Court were to construe its order as leaving the default rule contained in Local Rule 23.2 in effect, the language of the Court's scheduling order rendered it ambiguous, particularly insofar as it addressed not just fully dispositive but also partially dispositive motions, like a motion for class certification. "When an independent order is ambiguous, the Court reviews the record upon which the order was based to construe the order's meaning." *In re Munn*, 643 B.R. 141, 156 (N.D. Tex. 2022) (citing *In re Tomlin*, 105 F.3d 933, 940 (4th Cir. 1997)). That being the case here, and it being evident from the face of the Complaint that this matter is proceeding as a putative class action, this Court did not otherwise set a date for class certification, nor did it explicitly address the continued applicability of Local Rule 23.2 in its order.

To the extent that the Court's order is ambiguous, modification of the scheduling order would still be appropriate under Rule 16(b)(4)'s good cause standard to set forth a date for motions

for class certification. All four of the *S&W Enterprises* factors cut in favor of Plaintiff here: first, any perceived ambiguity in the Court's scheduling order, as well as the procedural posture of the case, discussed *infra*, sufficiently explain why the Plaintiff has not yet moved for class certification. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Second and third, class certification is critical to this case, as this case is proceeding as a putative class action and the putative class would be substantially prejudiced by an order holding that the Plaintiff did not timely move for class certification. *Id.* Finally, a continuance to the November 4 date already ordered by the Court under which the Plaintiff through she was operating would adequately cure such prejudice. *Id.*

There can, therefore, be no question that a motion for class certification is at least partially dispositive of the claims at issue in this case; namely, the class claims. Local Rule 23.2 explicitly permits the presiding judge to specify a different time to move for class certification. Plaintiff respectfully submits that this Court's scheduling order triggered the other order exception under Local Rule 23.2 by adopting in its definition of a "dispositive motion" any motion that disposes of "any part of the case." Plaintiff's motion for class certification should therefore be construed as being due on November 4, 2025.

2. **The unique circumstances of this case render the imposition of Local Rule 23.2's default rule impracticable, warranting a deviation in the interests of justice.**

Understandably, Defendant Our World seizes on a particularly uncontroversial extension motion because of a perception that any extension of the class certification deadline would operate against it, with Defendant Our World thinking that it has escaped class liability on a procedural technicality. Respectfully, Our World is wrong. In any event, just because Our World appears to have "developed a litigation strategy" that operated under the mistaken assumption that the deadline for seeking class certification had already passed, this assumption is insufficient to justify

R. in Supp. of Mot. to Comm. Discov.                 4

denial of the Plaintiff's motion. *See Gwynn v. City of Philadelphia*, 719 F.3d 295, 299 (3d Cir. 2013) (holding that "detrimental reliance" on a litigation strategy that relied on admissions being deemed admitted was insufficient to justify denial of a motion to withdraw admissions).

As Defendant Our World correctly points out, Federal Rule 23(c)(1)(A) directs the Court to consider class certification at an "early practicable time." Notably, Rule 23(c)(1)(A) was amended to remove language requiring the district court to rule on a motion for class certification "as soon as practicable." *Oscar Priv. Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 267 (5th Cir. 2007). Rule 83 permits district courts to adopt local rules that are "consistent with" the federal rules. As such, Rule 23's "practicability" requirement must likewise apply to Local Rule 23.2. *See Harper v. Am. Airlines, Inc.*, No. 4:09-CV-318-Y, 2009 WL 4858050, at *1 (N.D. Tex. Dec. 16, 2009). Simply put, at least two factors render class certification adjudication impracticable at this stage and thus justify relief from Local Rule 23.2 until these threshold issues are addressed. *First*, as Plaintiff noted in her original brief, and although an issue of first impression in the Fifth Circuit, courts may only entertain a *single* motion for class certification. *Second*, as Defendant notes, it has filed a dispositive jurisdictional motion, which remains pending. However, a court should not adjudicate a motion for class certification while a jurisdictional motion is pending, this Court's order notwithstanding. Plaintiff will address each such issue in turn.

*First*, a Plaintiff seeking to certify a class must seek a *single* motion seeking certification of a class or classes against multiple defendants. As a basic matter of judicial economy, such a rule makes sense as it avoids piecemeal certification motions. *Hosking v. New World Mortgage, Inc.*, No. 07-CV-2200 MKB, 2013 WL 5132983, at *7 (E.D.N.Y. Sept. 12, 2013), aff'd, 570 F. App'x 28 (2d Cir. 2014). Indeed, requiring multiple class certification motion*s* (plural) would entail multiple certification order*s*, multiple round*s* of briefing, and would further run contrary to Rule

23's mandate that an "order must define the class and the class claims, issues or defenses," and that an order granting or denying certification "may be altered or amended." FED. R. CIV. P. 23(c)(1)(B), (C). Rule 23 simply does not contemplate or permit piecemeal motions for class certification, or issuing multiple certification motions. *In re Toys "R" Us - Delaware, Inc. - Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. CV 06-08163 MMM FMOX, 2010 WL 5071073, at *13 (C.D. Cal. Aug. 17, 2010) ("[P]iecemeal certification of the type plaintiff sought would defeat the purposes of class certification under Rule 23(b)(3), efficiency and economy, and open the Defendant to piecemeal litigation by consumers." (cleaned up)); *Dardarian v. Nordstrom, Inc.*, No. C 11-0949 PJH, 2011 WL 1740103, at *4 (N.D. Cal. May 5, 2011) ("[R]unning parallel motions for class certification will result in a colossal waste of judicial resources.").

And, of relevance to the analysis in the previous section, a Court cannot enter a judgment, including a default judgment, as to only "one or more, but fewer than all, claims or parties," unless it explicitly holds that there is "no just reason for delay." FED. R. CIV. P. 54(b). Plaintiff respectfully submits that obtaining class discovery in support of a classwide default judgment are both just reasons for the delay of a disposition of Plaintiff's (and the class's) claims against EDJ. Accordingly, seeking class certification at this stage, without the benefit of discovery from EDJ or third parties to permit the Plaintiff to obtain a classwide default against EDJ, renders the filing of a motion for class certification at this point impracticable. This Court should set the deadline to file a *single* motion for class certification as November 4, 2025, as a result.

*Second*, the pendency of Our World's motion to dismiss, and additional discovery the Plaintiff must conduct, renders class certification at this point impracticable. Our Fifth Circuit has recognized "the important due process concerns of both plaintiffs and defendants inherent in the certification decision," consistent with the Supreme Court's guidance that a court is to conduct a

"rigorous" analysis at class certification. *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). Frequently, this requires "[g]oing beyond the pleadings," since the Court "must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Id.* That being the case, class certification is impracticable. As an initial matter, as outlined in the Plaintiff's motion, the Plaintiff is still in the process of obtaining telephone company records through subpoena and further ascertaining what records of its vendors calls that Our World has in its possession. The Plaintiff simply requires more time to seek out, develop, and marshal evidence in support of her eventual motion for class certification. However, the current deadlines in this Court's scheduling order appear to be sufficient at this stage to allow the Plaintiff to timely do so. That being the case, the current dictates of Local Rule 23.2, to the extent they apply, provide insufficient time to conduct class discovery and prepare their responsive memoranda, rendering it impracticable for the Court to make the certification decision now. *Sevin v. Par. of Jefferson*, No. CIV.A. 08-802, 2009 WL 68880, at *1 (E.D. La. Jan. 9, 2009) (granting motion for extension of similar local rule).

Relatedly, the resolution of Our World's pending motion to dismiss further counsels against requiring the Plaintiff to seek certification within the 90 day time frame provided for under Local Rule 23.2. "The word 'practicable' imports some leeway in determining the timing of such a decision. Thus, it is well within a district court judge's discretion to dispose of a motion to dismiss before acting on class certification." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 659 F. Supp. 3d 730, 732 (S.D. Miss. 2023), *aff'd*, 90 F.4th 814 (5th Cir. 2024) (cleaned up). Indeed, questions of personal jurisdiction go to the heart of the class that the Plaintiff seeks to certify. *Moser v. Benefytt, Inc.*, 8 F.4th 872, 875 (9th Cir. 2021). If this Court holds that it lacks jurisdiction over the Defendant, that would be an obvious reason why certification of a class would be improper;

conversely, if the court holds it has jurisdiction, it may then consider other elements of the Rule 23 analysis. *Id.* Such questions of jurisdiction are not merely "ancillary to class certification" but rather "central to" the "very class certification decision" that the Defendant contends the Plaintiff should have filed by now. *Id.* Of course, Plaintiff does not concede that the Defendant's motion to dismiss should be granted; all the Plaintiff is saying is that the pendency of a potentially dispositive motion would result in a massive waste of resources on both sides in determining a motion for class certification while a potentially dispositive motion is pending, rendering the application of Local Rule 23.2's 90 day requirement impracticable.

Nor do the Defendant's authorities justify a contrary result. This Court's outmoded decision in *Joseph N. Main* predates both the 2003 amendment to Rule 23 that changed the "as soon as practicable" requirement to an "early practicable time" requirement, as well as predates the Supreme Court's elucidation of the importance of evidence in the class certification analysis in *Wal-Mart* which are the touchstones of modern class action practice. *Contra Joseph N. Main P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573, 576 (N.D. Tex. 1996) (reasoning that the local rule at issue here was designed to abide by Rule 23's abolished requirement that the court make a class certification decision "as soon as practicable."). And in *Shree Veer Corporation v. OYO Hotels, Inc.*, the parties agreed among themselves, and without court approval, that "any class certification motions should be filed no later than October 2, 2023," and then moved to extend the self-imposed class certification deadline only after *that* deadline had passed, on "October 24, 2023." No. 3:20-CV-3268-L, 2024 WL 4183524, at *1 (N.D. Tex. Jan. 12, 2024). Given that the parties in that case had blown a certification deadline that the court didn't even approve and then moved to extend it without a showing of good cause, the Court denied the motion. *Id.* at *2. That is manifestly not the case here, where the Plaintiff has pointed out numerous factors which render seeking certification

at this stage impracticable, as well as the Plaintiff's good faith reading of this Court's scheduling order which set November 4, 2025 as the deadline for any partially dispositive motions, like class certification, here.

## CONCLUSION

For the foregoing reasons, this Court should appropriately permit the Plaintiff to seek class certification by November 4, 2025, as well permit the Plaintiff to seek either an individual or classwide default judgment as against EDJ after it has ruled on the Plaintiff's motion.

RESPECTFULLY SUBMITTED AND DATED this June 24, 2025.

>/s/ Andrew Roman Perrong
>Andrew Roman Perrong, Esq.
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

EDJ Enterprises, Inc.
27265 St Andrews Ave
Wesley Chapel, FL 33544

Dated: June 24, 2025

>/s/ Andrew Roman Perrong
>Andrew Roman Perrong, Esq.
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com