UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KELLY BLAND,**

   Plaintiff,

v.   No. 4:24-cv-00994-P

**OUR WORLD ENERGY LLC,
ET AL.,**

   Defendants.

# ORDER

Plaintiff Kelly Bland sued Our World Energy LLC (Our World) and EDJ Enterprises Inc. (EDJ). ECF No. 16 (amended complaint). EDJ did not answer and is now in default. The Court ordered Bland to seek default judgment against EDJ by June 16, 2025. ECF No. 40. That deadline was stayed pending Bland's motion for a five-month extension to conduct discovery and move for class certification. ECF Nos. 43, 44. In her motion, Bland claimed that "the deadline for seeking class certification has not yet run." ECF No. 43 at 3. Bland and Our World have since filed a joint notice of dismissal of all claims between them. ECF No. 50.

Having considered Bland's motion for extension of time to move for default judgment, the Court **DENIES** the Motion. Bland filed her amended complaint, which is the live pleading, on January 28, 2025. ECF No. 16. Under Local Rule 23.2 of the United States District Court for the Northern District of Texas, "[w]ithin 90 days of filing a class action complaint, or at such other time as the presiding judge by order directs, an attorney for the plaintiff must move for certification." LR 23.2. Bland's deadline to move for class certification, therefore, was April 28, 2025. As Bland and her counsel are well aware,[1] this Court

---

[1] *See Starling v. Mara Day Spa LLC*, No. 4:24-cv-00917-P, ECF No. 22.

applies its local rules strictly.[2]

Nor is that practice unique to the undersigned District Judge. For example, in *Harper v. American Airlines, Inc.*, a plaintiff sought class certification more than 90 days after the case was transferred from the Northern District of Alabama to this District. No. 4:09-cv-318-Y, 2009 WL 4858050, at *1 (N.D. Tex. Dec. 16, 2009) (Means, J.). District Judge Terry Means, sitting for this Court, denied the plaintiff's motion to deem timely his motion for class certification. *Id.* at *4. In the parties' joint report, the plaintiff had proposed a 150-day deadline to move for class certification. *Id.* at *2. The Court's scheduling order had not addressed that proposal. *Id.* As a result, the Court held, the plaintiff's proposed deadline was "inoperative" because the "scheduling order serves to set deadlines for events that are not otherwise addressed by the rules of procedure or the local rules." *Id.*

Bland is also wrong in arguing that the Scheduling Order in this case (ECF No. 26) overrode the deadline in Local Rule 23.2. The Scheduling Order set a deadline of November 4, 2025, for "all motions that dispose of all or any part of this case (*e.g.*, summary judgment)." ECF No. 26 at ¶ 3. Bland contends that a motion for class certification is a dispositive motion and that the Scheduling Order therefore supplanted Local Rule 23.2 here. ECF No. 47 at 2–4. But Bland's own cited authority contradicts her claim. In the analogous context of partial final judgments under Rule 54(b) of the Federal Rules of Civil Procedure, a

---

[2]*See, e.g.*, *Six Flags Ent. Corp. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:21-CV-00670-P, 2021 WL 2064903, at *1 (N.D. Tex. May 21, 2021) (Pittman, J.) (dismissing lawsuit without prejudice for failure to comply with Local Rule 83.10(a) requiring local counsel); *United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel); *Robert Cook & Assocs., Inc. v. Ill. Nat'l Ins. Co.*, No. 7:09-CV-141-O, 2010 WL 11619707, at *1 n.1 (N.D. Tex. Aug. 19, 2010) (O'Connor, J.) (admonishing defense counsel that "disregard of the Local Rules is burdensome for those required to analyze and adjudicate Defendant's motion" and ordering counsel "to file a statement notifying the Court . . . why they failed to comply with the local rules and whether this failure should result in the forfeiture of their right to practice in the Northern District of Texas").

court does not "dispose" of a claim "unless it makes an express holding as to liability." *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 230 (5th Cir. 2014). That should be the end of the discussion, as a denial of class certification makes no express findings as to liability. *See* FED. R. CIV. P. 23. Still, Bland argues that motions for class certification are "dispositive" because they are reviewed under the standard of Rule 54(b). ECF No. 47 at 3 (citing *Turk v. Pershing LLC*, No. 3:09-cv-2199-N, 2019 WL 13074701 at *1 (N.D. Tex. Aug. 1, 2019)).[3] Even assuming that the term "dispositive motion" in the Scheduling Order has the same definition it has when it appears in the cases interpreting Rule 54(b) (which the Court does not necessarily grant), Bland's argument commits the fallacy of affirming the consequent.[4] In other words, the mere fact that orders on class certification and dispositive orders are both governed by Rule 54(b) does not mean that an order on class certification is a dispositive order and that a motion for class certification is therefore a dispositive motion. To the contrary, an order on class certification does not dispose of any claims or any parties. Rather, it grants or denies permission of a party or parties to stand in the place of a whole class.

The Scheduling Order's (ECF No. 26) reference to "dispositive motions" did not include motions for class certification. It therefore left Local Rule 23.2 untouched. And none of Bland's remaining arguments for waiving Local Rule 23.2 are persuasive. Bland's deadline for seeking class certification, therefore, passed on April 28, 2025. No reason remains for allowing an extension of time to move for default judgment.

---

[3]The unpublished *Turk* case does not say, as Bland claims, that orders denying class certification "dispose of the class claims in the case." *See generally Turk*, 2019 WL 13074701. It merely that in that particular case, a denial of certification was "tantamount" to a decision on the merits for the defendant. *Id.* at *2.

[4]An illustration of that fallacy: "All dogs are mammals. All cats are mammals. Therefore, all cats are dogs." Likewise: "All motions for class certification are governed by Rule 54(b). All dispositive motions are governed by Rule 54(b). Therefore, all motions for class certification are dispositive motions."

3

Accordingly, the Court **ORDERS** Plaintiff to move for default judgment against EDJ by **July 25, 2025.**

**SO ORDERED** on this **21st day of July 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE